**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAMARA GRIGORYAN, | No. 10-70746 |
| Petitioner, | Agency No. A099-449-917 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2014
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

Tamara Grigoryan, native of the Soviet Union and citizen of Armenia,

petitions for review of a decision of the Board of Immigration Appeals (BIA)

affirming an immigration judge's (IJ) denial of her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

(CAT) based upon Grigoryan's lack of credibility and her failure to corroborate her claims of persecution. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

1.      The BIA found that Grigoryan was not credible based on several inconsistencies and contradictory testimony. None of the cited inconsistencies and contradictions were supported by substantial evidence. "[T]he BIA must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum." *Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir. 2004). Here, the agency failed to afford Grigoryan with the opportunity to offer an explanation. Further, to the extent that the BIA concluded that Grigoryan's testimony was vague, this conclusion also fails because Grigoryan was not given an opportunity to clarify her testimony. *See Guo v. Ashcroft*, 361 F.3d 1194, 1200, 1202 (9th Cir. 2004) ("[U]nclear [or vague] testimony may not serve as substantial evidence for an adverse credibility finding when an applicant is not given the chance to attempt to clarify his or her testimony."). Therefore, substantial evidence does not support the adverse credibility determination.

2. Despite the BIA's adverse credibility finding, the BIA concluded, in the alternative, that her testimony was confusing and did not meet her burden of proof. Therefore, corroboration of her testimony was required. *See Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011). The IJ provided notice to Grigoryan on numerous occasions that corroboration was necessary or that she needed third party corroboration that the corroborating evidence would not be available. The matter was continued several times with the warning that she needed to corroborate her claim. Grigoryan failed to do so. Therefore, she was afforded a sufficient opportunity to obtain the evidence. *Id*. at 1093-94. As a result, substantial evidence supports the BIA's conclusion that Grigoryan failed to corroborate her claim. The BIA "was not compelled to conclude that [Grigoryan] met [her] burden of proof without the corroborating evidence . . . requested." *Id*. at 1094.

**PETITION FOR REVIEW DENIED.**